## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:20CR229 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| CHARLES BEARD, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J.:**

Before the Court is Defendant Charles Beard's Renewed Motion for Bond based on COVID-19 Death. (Doc. 19). For the following reasons, Defendant's Motion is **DENIED**.

### I. BACKGROUND

On March 19, 2020, a Grand Jury indicted Defendant with one count of Conspiracy to Possess with Intent to Distribute Cocaine Base, a violation of 21 U.S.C. § 846; one count of Possession with Intent to Distribute Cocaine Base, a violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); one count of Felon in Possession of Firearm and Ammunition, a violation of 18 U.S.C. § 922(g)(1); and one count of Possession of Firearm in Furtherance of a Drug Trafficking Crime, a violation of 18 U.S.C. § 924(c)(1)(A). (Doc. 9). On March 20, 2020, Magistrate Judge Greenberg held a Detention Hearing. On April 3, 2020, the Magistrate Judge ordered Defendant detained ("Detention Order"). (Doc. 13). The Magistrate Judge justified his decision on the fact that Defendant did not rebut the presumption of detention. (*Id.* at PageID: 51). In addition, the Magistrate Judge found by clear and convincing evidence that "based upon the offense charged,

Defendant's criminal history, violent behavior history, and his lack of verifiable employment, there is no condition or combination of conditions exist that would reasonably ensure the safety of the community or Defendant's appearance." (*Id.*).

On April 24, 2020, Defendant filed a Motion for Review and Amendment of the Detention Order. (Doc. 14). After a *de novo* review, the Court denied the Motion because 1) Defendant did not rebut the presumption of detention under 18 U.S.C. § 3142(e)(3); and 2) the presence of COVID-19 had no impact on Defendant's appearance at trial or on safety to the community. (Doc. 16).

On July 30, 2020, Defendant filed his instant Motion. (Doc. 19). According to Defendant, he is entitled to bond because his circumstances have changed. Specifically, he cites the fact that his co-defendant and cellmate, Mr. Randall, died in custody on July 30, 2020. Defendant believes Randall died of COVID-19. Since the two were cellmates, Defendant contends that, on account of his asthma, he will face dire consequences from COVID-19 as well. The Government opposed Defendant's request on August 10, 2020.

## II. LAW & ANALYSIS

Defendant bases his renewed Motion on changed circumstances. A district court *may* reopen a detention hearing based on changed circumstances. 18 U.S.C. § 3142(f)(2)(B). However, the new information must 1) have been unknown to the movant at the time of the hearing; and 2) have "a material bearing on the issue of whether there are conditions of release that will reasonably assure a defendant's appearance at trial and the safety of any other person in the community." *United States v. Watson*, 475 Fed. App'x 598, 600 (citing § 3142(f)(2)(B)). "In other words, the new information must be of a nature that would increase the likelihood that

the defendant will appear at trial and would show that the defendant is less likely to pose a danger to the community." *Id.*

While the Court understands the emotional aspect of Mr. Randall's unfortunate death, it does not alter the analysis of relevant legal factors. Defendant fails to explain how Randall's death assures Defendant's appearance at trial and the safety of others in the community. Defendant instead focuses on the perceived danger that COVID-19 presents to him should he remain detained. But the evidence produced negates his claims: 1) he tested negative for COVID-19 shortly after his exposure to Randall; and 2) the provided medical records make no mention of a prior condition of asthma.

Beyond Randall's death, everything else remains the same: Defendant's criminal history Defendant's offense conduct; the presumption of detention; Defendant's failure to rebut that presumption; and the existence of COVID-19 in the community. Even Defendant's conclusory statement that he does not pose a risk of flight or danger to the community remains the same. Therefore, the Court's decision remains the same—the Court declines to reopen the detention hearing and upholds the Magistrate Judge's Detention Order.

### III. CONCLUSION

For the foregoing reasons, Defendant's Renewed Motion (Doc. 19) is **DENIED**.

**IT IS SO ORDERED.**

                                           s/ Christopher A. Boyko
                                          **CHRISTOPHER A. BOYKO**
                                          **Senior United States District Judge**

**Dated: August 31, 2020**